**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **EDGAR RIVERA**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**COHERE HEALTH, INC.**, a Delaware company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Edgar Rivera ("Plaintiff Rivera" or "Rivera") brings this Class Action Complaint and Demand for Jury Trial against Defendant Cohere Health, Inc. ("Defendant" or "Cohere Health") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rivera, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Rivera is a resident of Lakewood, Colorado.

2. Defendant Cohere Health is a Delaware registered company headquartered in Boston, Massachusetts.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. Venue is proper and this Court has personal jurisdiction over the Defendant since the Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in November 2025 alone, at a rate of 128.7 million per day. www.robocallindex.com (last visited December 11, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Cohere Health provides automated solutions to insurance companies that include Humana and BlueCross BlueShield.[3]

15. This automation includes the placement of health notification calls using pre-recorded voice messages to consumers.

16. Consumers have posted pre-recorded calls that they received from Cohere Health online, such as:

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.coherehealth.com/solutions/health-plan


nomorobo.com/lookup/866-403-5512

NOMOROBO How it Works FAQ's Pricing Log in Get Sta

(866) 403-5512 / Top Robocalls / Home

**(866) 403-5512** is a Robocall

Be cautious.

| | |
|---|---|
| LISTEN | 0:00 / 1:11 |
| TRANSCRIPT | *Hello, this is Cohere health calling Karen Schwartz and Raber with an important healthcare update. On behalf of your insurance provider, Dumana, to continue this call in English, please stay on the line paras Guccaris de Mensah Nespanon. Please say yes or no. Is this Karen Schwarten Raber? Please say yes or no. Press one for yes, press two for no. Press one for yes, press two for no. Press.* |
| DATE BLOCKED | December 14, 2021 |
| CALL ACTIVITY | Severe Last detected 15 hours ago |

[4] [5]

[4] https://www.nomorobo.com/lookup/866-403-5512

[5] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/356bb104-29b6-11f0-923f-89e5ab660527

**(866) 403-5512** is a Health Insurance Robocall

Be cautious.

**LISTEN**

0:00 / 3:37

**TRANSCRIPT**

Hello, this is Cohere Health calling [redacted] with an important healthcare update on behalf of your insurance provider, Humana. To continue this call in English, please stay on the line. Par es cuchares temenol, por favor. [redacted]. Please say yes or no. Is this [redacted]? Please say yes or no. Thanks. We just want to let you know the services your doctor requested for you have been approved. We provided this information to your doctor, who can assist with any questions you have regarding the service. You may visit [redacted] for additional details. Approval is not a guarantee of payment. Payment for approved services depends on your plan's benefit limitations and eligibility at time of service. Call the customer service number on the back of your Humana, Idaho card to learn about what your plan covers and your costs and to verify your eligibility. The authorization number for this request is [redacted]. To hear this message again, say repeat. Otherwise, you can hang up now. Thank you. Goodbye. Sorry, I'm unable to understand. Press or say 1. If you meant to say repeat. Sorry, I'm unable to understand, press or. Thanks. We just want to let you know the services your doctor requested for you have been approved. We provided this information to your doctor, who can assist with any questions you have regarding the service. You may visit [redacted] for additional details. Approval is not a guarantee of payment. Payment for approved services depends on your plan's benefit limitations and eligibility at time of service. Call the customer service number on the back of your Humana ID card to learn about what your plan covers and your costs and to verify your eligibility. The authorization number for this request is [redacted]. To hear this message again, say repeat. Otherwise, you can hang up now. Thank you. Goodbye. Thanks. We just want to let you know the services your doctor requested for you have been approved. We provided this information to your doctor, who can assist with any questions you have regarding the service. You may visit [redacted] for additional details. Approval is not a guarantee of payment. Payment for approved services depends on your plan's benefit limitations and eligibility at time of service. Call the customer. 6 7

**Call transcript**

" hello this is coer Health calling [redacted] with an important Healthcare hello this is [redacted] Health calling on behalf of your insurance provider Humana we are pleased to inform [redacted] that the services your doctor requested for you have been approved we provided this information to your doctor [redacted] you [redacted]" 8

17. Unfortunately, Cohere Health also places pre-recorded calls to consumers who are not insured by Cohere Health's insurance company customers,

[6] https://www.nomorobo.com/lookup/18664035512
[7] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/5c7da444-c6fc-11f0-8781-0050569b74b9
[8] https://lookup.robokiller.com/p/866-403-5512

and who have never provided consent to receive pre-recorded calls, as per Plaintiff's experience.

18. Consumers have posted complaints online about unwanted calls that they received from Cohere Health, including:

- "Robocall unwanted."[9]
- "Don't call me."[10]
- "Spam robocall"[11]
- "Broker for Humana. Unwanted by me. They keep calling."[12]
- "I am puzzled as to why Cohere Health claims I am associated with Humana, as I have no knowledge of or connection to this organization."[13]

19. In response to these calls, Plaintiff Rivera brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF RIVERA'S ALLEGATIONS**

20. Plaintiff Rivera is the sole owner and user of his cell phone number ending in 5938.

21. Plaintiff Rivera has owned his cell phone number since April of 2023.

---

[9] https://lookup.robokiller.com/p/866-403-5512
[10] Id.
[11] Id.
[12] https://800notes.com/Phone.aspx/1-866-403-5512
[13] https://receivesms.co/who-called-me/18664035512/en/

22. Plaintiff Rivera received a series of unwanted calls, all of which identify the name Cohere Health in a pre-recorded voicemail.

23. On February 4, 2025 at 11:09 AM, Plaintiff received a call to his cell phone from 866-403-5512.

24. This call was not answered, but a pre-recorded voicemail was left stating:

> "Hello, this is (brief pause) Cohere Health (brief pause) calling on behalf of your insurance provider (brief pause) Humana. We are pleased to inform (voice change) John Stringer (voice change) that the services your doctor requested for you have been approved. We provided this information to your doctor who can assist with any questions you have regarding this service. You may visit (brief pause) myhumana.com for additional details. Approval is not a guarantee of payment. Payment for approved services depends on your plan's benefit limitations and eligibility at time of service. Call the customer service number on the back of your (brief pause) Humana ID card (brief pause) to learn about what your plan covers and your costs, and to verify your eligibility. Thank you. Goodbye."

25. The voicemail was an artificial or prerecorded voice.

26. The message exhibited the hallmarks of prerecorded content, including: (a) identical wording and phrasing across all five voicemails received over a four-month period; (b) abrupt pauses at specific points where variable information (patient names, insurance details) would be inserted; (c) noticeable changes in voice quality and tone when transitioning between scripted portions and variable data; (d) a scripted, non-conversational structure directing recipients to websites and customer service numbers rather than offering live interaction; and (e) the identical

closing phrase 'Thank you. Goodbye' followed by immediate disconnection without opportunity for response. These characteristics are consistent with an automated system that inserts variable data into a prerecorded message template.

27. Plaintiff received additional calls from 866-403-5512 on:

- April 23, 2025 at 3:06 PM;
- April 24, 2025 at 9:28 AM;
- April 25, 2025 at 9:47 AM;
- July 3, 2025 at 1:39 PM;
- July 4, 2025 at 9:10 AM; and
- July 5, 2025 at 1:01 PM.

28. None of these calls were answered by Plaintiff Rivera.

29. All of the missed calls resulted in a pre-recorded voicemail that is identical to the voicemail left on February 4, 2025.

30. All of the voicemails state that the calls were placed by Cohere Health on behalf of Humana.

31. Plaintiff Rivera has never provided his cellular telephone number to Cohere Health, Humana, or any affiliated entity in connection with any transaction, inquiry, application, or account.

32. Plaintiff has never signed any agreement, form, or document authorizing Cohere Health or Humana to contact him.

33. Plaintiff has never had a Humana insurance policy or account.

34. The unauthorized calls that Plaintiff received from Defendant harmed Plaintiff in concrete ways: (a) each call caused Plaintiff's phone to ring, disrupting his daily activities; (b) Plaintiff was required to check each voicemail to determine if it was important, wasting his time; (c) the calls invaded Plaintiff's privacy by accessing his cellular telephone without permission; (d) the calls caused annoyance and frustration, particularly as they persisted despite Plaintiff never responding; and (e) the voicemails occupied storage space on Plaintiff's phone.

35. Plaintiff Rivera spent time listening to the voicemails that he received from the Defendant.

36. Seeking redress for these injuries, Plaintiff Rivera, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

37. Plaintiff Rivera brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who, from four years prior to the filing of this action through class certification: (1) Defendant Cohere Health called; (2) on their cellular telephone; (3) using an artificial or prerecorded voice; (4) where the person called was not an insured or an authorized representative of an insured with the insurer on whose behalf Cohere Health was calling.

38. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rivera anticipates the need to amend the Class definitions following appropriate discovery.

39. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same campaign resulting in calls to other Class members.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Cohere Health or its agents placed pre-recorded voice message calls to Plaintiff Rivera and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether Class members are entitled to an injunction against Defendant preventing it from making prerecorded calls; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff Rivera will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rivera has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rivera and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rivera nor his counsel have any interest adverse to the Class.

42. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making

final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Rivera Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rivera and the Pre-recorded No Consent Class)**

43. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44. Defendant Cohere Health transmitted unwanted telephone calls to Plaintiff Rivera and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

45. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Rivera and the other members of the Pre-recorded No Consent Class.

46. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Rivera and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rivera individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rivera requests a jury trial.

**EDGAR RIVERA**, individually and on behalf of all others similarly situated,

DATED this 16th day of December, 2025.

By: */s/ Jason R. J. Campbell*
Jason R. J. Campbell Esq.
CHARLESTOWN LAW GROUP
The Schrafft's Center Power House
529 Main Street, Suite P200
Charlestown, MA 02129
Phone: (617) 872-8652
Email: jasonrcampbell@ymail.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Lead Counsel for Plaintiff and the putative Class*